IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-2595-WJM-KMT

REAL ESTATE WEBMASTERS, INC.,

　　Plaintiff,

v.

GREAT COLORADO HOMES, INC., and
ANDREW FORTUNE,

　　Defendants.

---

## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS
## UNDER FED. R. CIV. P. 41(a)(2)

---

This matter is before the Court on Plaintiff Real Estate Webmasters, Inc.'s Motion to Dismiss Under Fed. R. Civ. P. 41(a)(2) ("Motion"). (ECF No. 38.) For the following reasons, the Motion is granted.

## I. BACKGROUND

Plaintiff is a Canadian technology provider of custom website designs tailored specifically for real estate professionals. (ECF No. 27 ¶ 1.) In 2014, Defendant Andrew Fortune, a real estate agent from Colorado Springs, Colorado, purchased a license to use Plaintiff's custom website design and agreed to be bound by Plaintiff's licensed solution agreement ("LSA"), which provided that Plaintiff maintained exclusive ownership and control to all rights, title, interest, and benefit over its products, including customizations, enhancements, and associated intellectual property. (*Id.* ¶¶ 2–3.) In March 2020, Fortune terminated the LSA and thereafter began using a new website for

his company, Defendant Great Colorado Homes, Inc. (*Id.* ¶¶ 4–5.) Plaintiff alleges that Fortune's website is nearly identical to Plaintiff's website and uses Plaintiff's intellectual property, though Fortune claims he created his website and spent over two years developing it with multiple developers. (*Id.* ¶ 5.)

On August 26, 2020, Plaintiff filed its initial Complaint against Defendants Great Colorado Homes, Inc. and Andrew Fortune (jointly, "Defendants"), alleging copyright infringement under the Canadian Copyright Act, R.S.C., ch. C-42 § 13(3) (1985), breach of contract, unjust enrichment, and misappropriation of trade secrets under 18 U.S.C. § 1836. (ECF No. 1.) On October 14, 2020, Defendants filed a motion to dismiss. (ECF No. 14.) The Court struck that motion for failure to confer under WJM Revised Practice Standard III.D.1. (ECF No. 20.)

Following conferral, Plaintiff filed an Amended Complaint, in which it withdrew its claims for breach of contract and misappropriation of trade secrets, but added a claim for civil theft. (ECF No. 27.) Plaintiff withdrew the breach of contract claim because Defendants stated their intention to enforce an exclusive jurisdiction clause within the applicable contract that required all proceedings asserted thereunder to be brought before the courts of British Columbia, Canada. (ECF No. 38 at 3 (citing ECF No. 29-1 at 2).) Plaintiff has filed an action for breach of contract against Defendants in the Supreme Court of British Columbia. (*Id.*)

Defendants filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 29.) Plaintiff filed a response on December 9, 2020 (ECF No. 34), and Defendants replied on December 23, 2020 (ECF No. 35). While that Motion to Dismiss was pending, the parties engaged in discovery.

2

On March 30, 2021, counsel for Plaintiff conferred by phone and e-mail with counsel for Defendants regarding a proposed dismissal of this action. (ECF No. 38 at 1.) Nearly a month later, having not received a response, Plaintiff's counsel again sought to confer with Defendants' counsel. (*Id.*) During that conferral, the parties discussed dismissal of Plaintiff's copyright infringement and civil theft claims with prejudice, and its unjust enrichment claim without prejudice; Plaintiff seeks to dismiss the unjust enrichment claim without prejudice because that matter is being litigated in Canada and dismissal with prejudice might have a preclusive effect on the same claim brought in the Canadian case. (*Id.* at 1–2.)

Plaintiff states that Defendants agreed to stipulate to the dismissal of the copyright infringement and civil theft claims with prejudice, but Defendants insisted that the unjust enrichment claim also be dismissed with prejudice. (*Id.* at 2.) Plaintiff further states that counsel for Defendants stated: "I guess if it will have re [sic] judicata effects in the BC case, then we can stipulate to it being dismissed without prejudice." (*Id.*) Plaintiff prepared a dismissal on those terms, but when Defendants received it, they refused to sign, claiming that Plaintiff's proposal "completely and intentionally mischaracterizes the reasons behind the dismissal and therefore is not acceptable." (*Id.*)

On May 3, 2021, Plaintiff filed the Motion, seeking to dismiss its copyright infringement and civil theft claims with prejudice, and its unjust enrichment claim without prejudice. (ECF No. 38.) Plaintiff explains that following briefing on the Motion to Dismiss, it "did its own extensive analysis of its damages and determined that proceeding in two forums is not worth the expense of litigation." (*Id.* at 7.) Defendants

3

oppose the Motion, arguing that while the case should be over, Plaintiff should be required to pay Defendants' attorneys' fees under Federal Rule of Civil Procedure 41(a)(2), the fee-shifting provision of the Copyright Act, 17 U.S.C. § 505, or Colorado Revised Statutes § 13-17-201.  (ECF No. 39.)  Thus, at bottom, the issue for the Court now is whether to award Defendants some amount of attorneys' fees.

## II. LEGAL STANDARDS

### A. Rule 41(a)(2)

Rule 41(a)(2) "permits a district court to dismiss an action . . . upon such terms and conditions as the court deems proper."  *Frank v. Crawley Petroleum Corp.*, 992 F.3d 987, 998 (10th Cir. 2021) (quoting *Am. Nat. Bank & Tr. Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991) (internal quotation marks omitted)).  "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions."  *Id.* (quoting *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (internal quotation marks omitted)).  "Conditions are designed to alleviate any prejudice a defendant might otherwise suffer upon refiling of an action."  *Id.* (quoting *Am. Nat. Bank*, 931 F.2d at 1412).

"[P]rejudice is a function of . . . practical factors including: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation."  *Brown*, 413 F.3d at 1124 (internal quotation marks omitted).  "These factors are neither exhaustive nor conclusive; the court should be sensitive to other considerations unique to the circumstances of each case."  *Id.*  "[I]n reaching its conclusion, the district court should endeavor to insure substantial justice is accorded to

both parties, and therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff." *Id.* "The district court, however, should impose only those conditions which actually will alleviate harm to the defendant." *Am. Nat. Bank*, 931 F.2d at 1412.

"These rules apply to dismissals with prejudice as well as dismissals without." *Frank*, 992 F.3d at 998 (citing *Cnty. of Santa Fe v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1049 (10th Cir. 2002) (the "normal" legal-prejudice analysis that governs dismissals without prejudice also governs dismissals with prejudice, although the presence of prejudice will be "rare")). "[A] defendant may not recover attorney's fees when a plaintiff dismisses an action with prejudice absent exceptional circumstances." *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997); *accord Vanguard Envtl., Inc. v. Kerin*, 528 F.3d 756, 760 (10th Cir. 2008); *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1222 (10th Cir. 2006).

**B.    Copyright Act**

The Copyright Act, 17 U.S.C. § 101 *et seq.*, provides that "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court *may* also award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505 (emphasis added).

The Supreme Court has established several principles and criteria to guide a court in deciding whether to award attorneys' fees under § 505.  *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016).  The statute clearly connotes discretion and eschews any precise rule or formula for awarding fees.  *Id.*  However, in *Fogerty v.*

5

*Fantasy, Inc.*, 510 U.S. 517 (1994), the Supreme Court established two restrictions: (1) a district court may not award attorneys' fees as a matter of course; and (2) the Supreme Court noted with approval "several nonexclusive factors" to inform a court's fee-shifting decisions, including "frivolousness, motivation, objective unreasonableness[,] and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.*

### III. ANALYSIS

**A.      Rule 41(a)(2)**

Defendants argue that exceptional circumstances exist in this case such that the Court should award them their attorneys' fees. (ECF No. 39.) For the following reasons, the Court disagrees.

First, Defendants argue that they have expended considerable effort and expense in preparing for trial. (*Id.* at 5.) They cite their two rounds of motions to dismiss and Plaintiff's "*sweeping* discovery requests," which they describe as a "fishing expedition." (*Id.* at 6 (emphasis in original).) Defendants state that they "meaningfully engaged in the discovery process and served [their] responses to Plaintiff's requests." (*Id.*) Fortune states in an affidavit that "Prior to Plaintiff moving to voluntarily dismiss its claims against me, I incurred over $20,000 in legal fees defending myself and my business in this action." (ECF No. 39-5.)

While the Court understands that Defendants have participated in the discovery process and have engaged in some motion practice, this case is not yet a year old. Moreover, the case is in the early stages of litigation, discovery only ended in June 2021, no depositions were taken, no expert reports were exchanged, and no trial date

has been set. (*See* ECF No. 38 at 5.) Plaintiff states that from January 5, 2021 through March 30, 2021, Defendants made no efforts to seek discovery from Plaintiff. (ECF No. 41 at 4.) In addition, Plaintiff points out that although Defendants were served with a round of written discovery requests, they "declined to answer the majority of the requests, and produced a mere 162 images." (*Id.*) Given the foregoing, the Court cannot find that Defendants have expended considerable effort and expense in preparing for trial. *See Frank*, 992 F.3d at 991, 1002 (finding that because Crawley has not identified any legal prejudice it would suffer from the dismissal, the imposition of conditions was an abuse of discretion, where Crawley stated it had spent $1 million defending the suit).

Next, Defendants argue that Plaintiff's lack of diligence has forced them to unreasonably incur substantial fees. (ECF No. 39 at 7.) Specifically, Defendants argue that Plaintiff's Motion "results from its own failure to conduct a reasonable inquiry prior to bringing its claims, an affront to its obligations under Rule 11." (*Id.*) Defendants also state that Plaintiff did not try to confer before adding the civil theft claim to the Amended Complaint. (*Id.*) Defendants also argue that Plaintiff waited until "nearly the close of discovery" before volunteering to dismiss its claims, which also forced Defendants to incur substantial fees. (*Id.* at 9.)

Although the Court agrees that it would have been advisable for Plaintiff to more thoroughly investigate the merits of its claims and the potential damages available before filing its claims, the Court does not find that Plaintiff's exhibited a "lack of diligence." In addition, the Court does not find that Plaintiff waited an inordinately long amount of time to file its Motion. Plaintiff requested conferral on the Motion in March

7

2021, more than two months before the June 2021 discovery deadline. Moreover, Plaintiff was forced to wait for Defendants to respond for at least a month, unnecessarily lengthening the timeline. Such actions do not demonstrate a lack of diligence by Plaintiff such that they transform this matter into an "exceptional" case.

Next, Defendants contend that Plaintiff's explanation for the need for dismissal is insufficient. (ECF No. 39 at 8.) In the Motion, Plaintiff explains that it wishes to dismiss this case because it has grown frustrated with Defendants' gamesmanship and conflicting positions taken in this case and in the case in Canada. (ECF No. 38 at 4.) Further, due to the COVID-19 pandemic, Plaintiff's resources have been constrained in a manner that was not foreseeable before commencing both this case and the case in Canada. (*Id.*) Plaintiff also admits that after it analyzed its possible damages, it determined that proceeding in two forums is not worth the expense of litigation. (*Id.* at 7.) Upon due consideration, the Court finds Plaintiff's explanations for dismissal sufficient.

The Court also notes Defendants' argument that if the Court does not impose curative conditions, Defendants will suffer a legal detriment. (ECF No. 39 at 10.) Specifically, Defendants argue that this is an exceptional case; they are entitled to fees under § 505; if the Court had ruled on their Motion to Dismiss and dismissed Plaintiff's claims, they would be entitled to a mandatory award of fees and costs under Colorado Revised Statutes § 13-17-201; and at a minimum, the Court should condition dismissal on an award of attorneys' fees against Plaintiff for the fees Defendants might have to incur if Plaintiff files another lawsuit against them for unjust enrichment. (*Id.* at 10–12.)

The Court finds Defendants' arguments unavailing. For the reasons explained

8

above, this is not an exceptional case.  As the Court explains below, Defendants are not entitled to attorneys' fees under § 505, *see infra* Part III.B.  The Court never ruled on the Motion to Dismiss, and therefore any claim of entitlement to attorneys' fees under Colorado Revised Statutes § 13-17-201 is similarly unsuccessful.

Finally, the Court acknowledges that Plaintiff seeks to dismiss the unjust enrichment claim without prejudice.  In the Tenth Circuit, "[w]hen a plaintiff dismisses an action without prejudice, a district court may seek to reimburse the defendant for his attorneys' fees because he faces a risk that the plaintiff will refile the suit and impose duplicative expenses upon him." *AeroTech*, 110 F.3d at 1528.  In this case, however, the Court construes the Tenth Circuit's language—specifically, "may seek to reimburse"—as discretionary and declines to award Defendants attorneys' fees on the unjust enrichment claim, despite the fact that it will be dismissed without prejudice.  Therefore, the Court finds that "exceptional circumstances" do not exist in this case such that Defendants may recover attorneys' fees under Rule 41(a)(2).

**B.     Copyright Act**

Defendants argue that because the copyright infringement claim will be dismissed with prejudice, they are a prevailing party under the Copyright Act, and thus, the Court should award them attorneys' fees under § 505.  (ECF No. 39 at 12.)  Further, Defendants argue that Plaintiff's "vexatious conduct and bad faith in bringing suit" militate in favor of awarding attorneys' fees.  (*Id.* at 13.)

While Defendants do not appear to acknowledge it, Court is mindful that § 505 dictates that the Court "may also award a reasonable attorney's fee to the prevailing party."  Thus, the Court's power is discretionary, not mandatory.  The Court has

considered the "several nonexclusive factors" that the Supreme Court counsels should inform a court's fee-shifting decisions under § 505, including frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence. The Court will not explicitly analyze these factors, as the analysis above, *see supra* Part III.A, is sufficiently applicable, and the outcome would be no different. The Court disagrees with Defendants' characterization of this litigation, particularly that Plaintiff brought this suit in bad faith or prosecuted it in a vexatious or oppressive manner. (*See* ECF No. 39 at 13.) As a result, in its discretion, the Court declines to award attorneys' fees to Defendants under § 505.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS:

1. Plaintiff Real Estate Webmasters, Inc.'s Motion to Dismiss Under Fed. R. Civ. P. 41(a)(2) (ECF No. 38) is GRANTED;

2. Plaintiff's copyright infringement and civil theft claims are DISMISSED WITH PREJUDICE, and Plaintiff's unjust enrichment claim is DISMISSED WITHOUT PREJUDICE;

3. Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 29) is DENIED AS MOOT;

4. The Clerk shall enter judgment and terminate this action; and

5. Each party shall bear his or her own attorney's fees and costs.

Dated this 16th day of July, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge